UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRUCE M. DIGAETANO,                )
                                   )
        Plaintiff                  )
                                   )
v.                                 )     Civil No. 09-539-P-S
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
        Defendant                  )

# REPORT AND RECOMMENDED DECISION[1]

A single question of law is raised by this Social Security Disability ("SSD") appeal. It involves the application of a subsection of what is known as the "fleeing felon" rule to suspend the plaintiff's benefits herein. I recommend that the court vacate the commissioner's decision in part.

The administrative law judge's opinion sets forth the factual background:

> On March 31, 2006, an Administrative Law Judge found that the claimant had been disabled since February 24, 2004 and was entitled to a Period of Disability and Disability under Title II of the Social Security Act and was eligible for Supplemental Security Income benefits[2] based on an application[] protectively filed on December 22, 2003.
>
> On April 26, 2006, the claimant was notified by the Social Security Administration that Supplemental [S]ecurity Income benefits could not

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 17, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff has withdrawn his appeal on his Supplemental Security Income appeal. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 10) at [1]-[2].

1

> be paid to him because there was an outstanding felony warrant for his arrest. The claimant requested a reconsideration of that determination. However, on July 13, 2006, an unfavorable reconsideration determination was issued. The claimant timely requested a hearing before an Administrative Law Judge on August 4, 2006.
>
> The claimant was notified by the Social Security Administration on July 12, 2006 that he was also not eligible for Title II benefits, effective January 2005, because of the outstanding warrant. In view of the similarity of issues with the Title XVI claim, the Title II claim is escalated to the hearing level.

Record at 20 (citations omitted).

The administrative law judge found that the plaintiff was convicted of assault in the fourth degree, a crime of violence, on March 3, 1993, under the laws of the state of Washington, Findings 1 & 3, *id*. at 24; that he was placed on probation by the Superior Court of the state of Washington on March 3, 1993, Finding 2, *id*.; that he failed, after due notice, to appear in that court on August 23, 1996, to answer a charge of violation of the terms of his probation, and a warrant for his arrest was issued, Finding 4, *id*,; that, on September 28, 2006, the plaintiff appeared before that court, after which the warrant for his arrest was quashed, Finding 5, *id*.; that he was in violation of probation under the laws of the state of Washington from August 23, 1996, to September 28, 2006, Finding 6, *id*.; that there were no mitigating circumstances, as defined in 42 U.S.C.§ 402(x)(1)(B)(iv), that would establish cause not to suspend the plaintiff's benefits for those months during which he was violating the terms of his probation, Finding 7, *id*.; and that the plaintiff's benefits should, therefore, be suspended for the period from January 2005, through September 2006, *id*. at 25. The Appeals Council declined to review the decision, *id*. at 4-6, making it the final determination of the commissioner. 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The statute applicable to SSD benefits that is at issue in this appeal provides as follows, in relevant part:

> Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section . . . to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual –
>
> **(iv)** is fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees . . . or
>
> **(v)** is violating a condition of probation or parole imposed under Federal or State law.

42 U.S.C. § 402(x)(1)(A).

Because the underlying crime was not a felony under Washington law, Record at 23, subsection iv of section 402 is not applicable. The administrative law judge made the following factual findings:

> On March 3, 1993, the claimant appeared in the Washington Superior Court and pled guilty to the charge of Assault in the fourth degree, admitting that he wrongfully assaulted another person. He was sentenced to 365 days in prison, with credit for five days already served. The jail sentence was suspended, provided that he serve 24 months under community supervision and receive 24 months treatment as an outpatient under "TASC" or other similar substance abuse treatment. He was also fined a total of $310.00. The conditions of release were explained in a court document defining the condition of community service. The claimant was, within 24 hours of his release, [to] report to Treatment Alternatives for Street Crime (TASC). . . . If the claimant did not comply with the program recommended by TASC, the non-compliance was to be reported to the court and to the prosecutor. Non-compliance would result in personal recognizance or bail being revoked, a bench warrant being issued for the claimant's arrest, being held in jail pending posting of bail if bail were allowed. The court granted the Washington Department of Correction authority to transfer supervision to the State of Massachusetts, provided that the claimant received treatment similar to that officer by TASC.

> On August 23, 1996, a prosecutor moved that the Washington Superior Court issue a bench warrant for the claimant because of his failure to appear at a hearing to show cause why the suspension of his jail sentence should not be revoked for failure to comply with the conditions of his community release. The prosecutor averred that the Office of Community Corrections had not received documentation from the claimant or treatment agency to confirm the claimant's involvement with the condition of his sentence. The prosecutor noted that the claimant had appeared in court on May 19, 1995 to address the same issues.
>
> The court ordered the issuance of the bench warrant on August 23, 1996. The warrant was issued on August 29, 1996, ordering the arrest of the claimant for the crime of assault in the fourth degree, the "said defendant having failed to appear for Show Cause Hearing on August 23, 1996 as ordered by the court[.]"
>
> * * *
>
> An order from the Superior Court of the State of Washington, dated September 28, 2006, shows that the claimant personally appeared before the court on that date and presented evidence that he had recently paid off all remaining legal financial obligations. The court found good cause why the bench warrant should be revoked and quashed it.

Record at 22-23.

The plaintiff does not take issue with these factual findings. Rather, he spends some time arguing that he was not a "fleeing felon," Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 10) at [5]-[6], but that is not the portion of the statute under which the administrative law judge ruled against him, and there is no need for this court to address that issue, other than to note that there was no felony involved under Washington law. I also understand that the commissioner is not contending that the mere issuance of a warrant for a claimant's arrest is sufficient to establish that a condition of his or her probation or parole was in fact being violated at the time the warrant was issued. *See Clark v. Astrue*, 602 F.3d 140, 146-47 (2d Cir. 2010).

The plaintiff next asserts that the administrative law judge's finding that he had committed a probation violation "is without factual and legal support." *Id*. at [6]-[9]. He

4

contends that he complied with the terms of his probation, that the requirement that he pay $310 was not a condition of his probation, and the Washington court never made a finding that he had violated his probation. *Id.* at 6. Each of these is an independent reason, he asserts, to order the commissioner to pay him the SSD benefits to which he is otherwise entitled.

The evidence belies the plaintiff's first and second arguments. In a document recording the plaintiff's plea, dated March 3, 1993, in the Washington Superior Court for Pierce County, under the heading "sentencing" is the following statement: "Imposition of sentence suspended/deferred for 12 months on the following conditions: 24 Months Community Supervision. Other[:] TASC & follow up or similar substance (2 yr. out patient treatment). Special Conditions: Costs [$]110.00 CVPA [$]100.00 Fine [$]100.00." Record at 100. In a document entitled "Statement of Defendant on Plea of Guilty" from the same court, stamped with the same date, and signed by the plaintiff, the plaintiff stated that he "fully underst[oo]d" that the prosecutor would recommend a suspended sentence with the following payments "CTS, TASC, and LFOs [$]100 CVPA, [$]110 costs, [$]100 DAC." *Id*. at 102.

A document from the same court, with the same date, entitled "Conditions on Suspended Sentence," and also dated March 3, 1993, includes the following statements:

> The Defendant shall be under the charge of a probation officer employed by the Department of Corrections and follow implicitly the instructions of said Department, and the rules and regulations promulgated by the Department of Corrections for the conduct of the Defendant during the time of his/her probation herein.
> Defendant will pay the following amounts to the Clerk of the Superior Court, Pierce County, Washington. $100 Crime Victim Compensation penalty assessment per RCW 7.68.035; $110 court costs; $100 Fine. $310 TOTAL payable at the rate of $___ per month commencing to be set by C.C.O.
> Revocation of this probation for nonpayment shall occur only if defendant willfully fails to make the payments having the financial ability to do so or willfully fails to make a good faith effort to acquire means to make the payment.

5

<pre>                        * * *
    Further Conditions as follows: . . . (2) (DOC supervision may be
    transfer[r]ed 2 Massachusetts) (3) Min. of 2 AA meetings (or
    equival[]ent) weekly (4) TASC (or equivalent in MA) which requires 2
    contacts per mo. w/supervisor (5) 2 year intensive outpatient program
    must be successfully completed. Costs 2B paid by [defendant].</pre>

*Id*. at 104-105. This document is signed by the plaintiff. *Id*. at 106.

A document from the same court, with the same date, entitled "Judgment and Sentence" includes the following:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED That said Defendant is guilty of the crime(s) of ASSAULT IN THE FOURTH DEGREE as charged in the Amended Information herein, and that he shall be punished by confinement in the Pierce County Jail for a term of not more than one (1) year.
> Said sentence shall be (suspended) on the attached conditions of (suspended) sentence and that the Defendant pay the prescribed crime victim compensation penalty assessment as per RCW 7.68.035 in the amount of $100.

*Id*. at 107.

A document from the same court, dated August 23, 1996, entitled "Motion and Affidavit Authorizing Issuance of Bench Warrant," includes the following statement in the affidavit portion of the document:

> According to the Judgment and Sentence, a requirement was imposed that Mr. Digaetano be evaluated and complete a two year outpatient treatment program. File material indicates that he was also to participate in two AA meetings per week. Thus far, the Office of Community Corrections has received no documentation from either Mr. Digaetano nor from any treatment agency to confirm his involvement with this condition of his sentence.
>
> Mr. Digaetano was seen in Court on 5/19/95 to address these same issues. Upon completion of his eight day jail sanction, he subsequently quit reporting and has failed to comply with the other aspects of supervision and Court orders. Tolling of time has served no useful purpose in this case, nor has leniency by the Court.

*Id*. at 110 (subheadings omitted).

The plaintiff's testimony that he reported "to the probation office in Methuen, Massachusetts as required by the sentencing conditions" by signing in "as instructed," once a month, "three or four times," and "they said just sign in here, and everything will be taken care of for you," Itemized Statement at [8], does not excuse him from paying the $310 due in the Washington Court, or attending AA meetings, or participating in an "intensive" two-year outpatient program, all of which are shown to have been conditions of his suspended sentence, which the Washington Court also called "probation." He could not reasonably have believed that someone behind a counter at the probation office in Methuen, Massachusetts could excuse him from compliance with all, or any, of these conditions. The plaintiff also characterizes the affidavit of a deputy prosecutor in Washington, Record at 110, as mere "allegations," but that is a sworn statement not contradicted by the plaintiff under oath. That sworn statement establishes that the plaintiff violated the conditions of his suspended sentence in more ways than one, even after he had participated in a show cause hearing in the Washington court, and that payment of the $310 was indeed a condition of the suspended sentence.

The plaintiff's third argument is based on 20 C.F.R. § 416.1339(b)(1). Itemized Statement at [8]-[9]. However, that regulation applies only to the Supplemental Security Income program (SSI). There is no complementary regulation applicable to claims for SSD, which is all that is at issue here. The SSI regulation does require that a court find that the claimant "[i]s violating, or has violated, a condition of his or her probation or parole" before payment of benefits may be suspended. 20 C.F.R. § 416.1339(b)(1)(i)(C). But, the only regulation issued by the commissioner under 42 U.S.C. § 402(x) is 20 C.F.R. § 404.468, which imposes no such requirement. The plaintiff accordingly is not entitled to remand on this basis.

The plaintiff's final argument is that the provision of 42 U.S.C. § 402(x) that refer to violation of probation or parole only became effective on January 1, 2005, and may not be applied to him "retroactively." Itemized Statement at [9]-[10]. He asserts, without citation to authority, that "Congress did not intend to authorize the Social Security Administration to apply these statutory changes retroactively to conduct that occurred prior to the effective date of these changes," *id.* at [9], and concludes that, because the conduct giving rise to the Washington warrant "occurred between March 3, 1993 and August 29, 1996[,]" the statute does not apply. In the alternative, again without citation to authority, he asserts in conclusory fashion that "applying these penal provisions retroactively would violate the Claimant's rights of due process." *Id.*

The second half of this final argument may be dealt with as succinctly as it is presented. It has already been rejected in at least one circuit court, which held that application of the identical violation-of-terms-of-probation clause in 42 U.S.C. § 1382(e)(4)(A)(ii) does not violate due process. *See Oteze Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005). I find the reasoning of that court to be persuasive.

With respect to the first half of the final argument, it is inaccurate to suggest that violation of the conditions of the plaintiff's suspended sentence came to a halt on August 29, 1996.[3] The record establishes that the plaintiff continued to violate those conditions until he paid the $310 on September 28, 2006, and the warrant was revoked. *Id.* at 121. At the very least, therefore, suspension of payment of the plaintiff's SSD benefits between January 1, 2005 (assuming that this is the correct effective date of 42 U.S.C. § 402(x)(1)(B)(iv)) and August 29, 2006 was fully justified. A new reason to withhold benefits to which a claimant would otherwise be entitled is clearly a substantive change to the Social Security Act rather than a procedural change, and thus retroactive application is not allowed in the absence of express Congressional

---

[3] This is the date on which the Washington warrant for the plaintiff's arrest was issued. Record at 112.

intent to the contrary.  *E.g., David v. United States*, 134 F.3d 470, 476 (1st Cir. 1998); *Rioux v. Massanari*, No. 00-305-P-H, 2001 WL 574615, at *4 (D. Me. May 25, 2001).  Accordingly, payment of SSD is due to the plaintiff from February 24, 2004, the date of onset previously determined by the commissioner, Record at 20, to January 1, 2005, the effective date of 42 U.S.C. § 402(x)(1)(B), and beginning again after September 2006, *id*. at 23.

### Conclusion

Because this appeal presents only a question of law, I recommend that the court **VACATE IN PART** the commissioner's decision and remand this case with instructions to pay SSD benefits in accordance with the terms of this recommended decision.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of October, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge